IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| BENNIE DAVID GUY | § | |
| v. | § | CIVIL ACTION NO. 6:13cv224 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM OPINION AND ORDER OF DISMISSAL

The Petitioner Bennie David Guy, an inmate currently confined in the Gregg County Jail proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his Texas conviction. The parties have consented to allow the undersigned United States Magistrate Judge to enter final judgment in the proceeding pursuant to 28 U.S.C. §636(c).

Guy pleaded guilty in the 124th Judicial District Court of Gregg County, Texas to a charge of sexual assault on July 18, 1996, receiving a sentence of 40 years in prison. He is also serving concurrent sentences for rape in the State of Arkansas, although one of his Arkansas convictions appears to have been set aside.

In his petition, Guy raises six grounds for relief. These are: (1) he is actually innocent; (2) he received ineffective assistance of counsel under rules set out in two recently decided Supreme Court cases; (3) he has not had DNA testing as required by law; (4) the State of Texas breached the plea agreement; (5) he is entitled to a new trial under federal law; and (6) the State of Texas has violated the Interstate Agreement on Detainers. He states that he has been exonerated through DNA testing of one of the sexual assaults for which he was convicted in the State of Arkansas.

1

In an amended complaint, Guy adds a new claim, which enlarges upon his claim of actual innocence. He presents a written confession from a person named Billy Stewart, dated May 12, 2013, asserting that he, Stewart, was the actual perpetrator of the sexual assault in Texas for which Guy was convicted.

The Respondent has been ordered to answer the petition and has filed a motion to dismiss. In this motion, the Respondent argues that Guy's petition is successive and that it is unexhausted because Guy has not presented his claims for relief to the courts of the State of Texas. Guy did not file a reply to the motion to dismiss, but argues in his original petition that he was denied counsel for appeal and post-conviction collateral proceedings in state court. Guy concedes that his claims have not been raised in state court, but says that "there is no remedy now in the State of Texas courts in which to raise these claims. However, the 2012 Supreme Court ruling in the cases of Martinez v. Ryan and Maples v. Thomas will override the procedural bar."

Legal Standards and Analysis

The Fifth Circuit has stated that 28 U.S.C. §2254(b)(1)(A) requires that federal habeas petitioners fully exhaust available state court remedies before proceeding in federal court. Morris v. Dretke, 413 F.3d 484, 490 (5th Cir. 2005). This requirement is not jurisdictional but reflects the policy of federal-state comity, which is designed to give state courts the initial opportunity to consider and correct violations of their prisoners' federal rights. Anderson v. Johnson, 338 F.3d 382, 386 (5th Cir. 2003).

The exhaustion requirement is satisfied when the substance of the federal claim has been fairly presented to the highest state court. Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir. 1999). This may be done through direct appeal or in state habeas proceedings. Morris, 413 F.3d at 491, *citing* Orman v. Cain, 228 F.3d 616, 620 (5th Cir. 2000). Evidence placing the petitioner's claims in a significantly different legal posture must first be presented to the state courts. Anderson, 338 F.3d at 387.

The Fifth Circuit has also observed that the exhaustion requirement may under certain circumstances be excused. For example, "a petitioner may overcome such a procedural default, however, and obtain federal habeas corpus review of his barred claims on the merits if he can demonstrate cause for the defaults and actual prejudice." Morris, 413 F.3d at 491, *citing* Martinez v. Johnson, 225 F.3d 229, 239 (5th Cir. 2001). The petitioner may also overcome a procedural default if he can show that failure to consider the claims will result in a fundamental miscarriage of justice. Barrientes v. Johnson, 221 F.3d 741, 758 (5th Cir. 2000). Finally, the Fifth Circuit explained that exhaustion is not required if it would be "plainly futile," meaning that there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief. Graham v. Johnson, 94 F.3d 958, 969 (5th Cir. 1996).

In his amended petition, Guy offers the affidavit of Billy Stewart confessing to the offense for which Guy was convicted. This affidavit was executed on May 12, 2013, and plainly has not been presented to the courts of the State of Texas. Furthermore, in his original petition, Guy states as follows:

> Petitioner Guy knows his petition is in procedural default for failing to first raise his claims in state court. (Petitioner Guy has no Texas forms code or annotated books to use to file his state remedies). Petitioner Guy for his part would concede that these claims were not initially raised in state court, but there is no remedy now in the courts of the State of Texas in which to raise these claims. However, the 2012 Supreme Court ruling in case of Martinez v. Ryan and Maple v. Thomas will override the procedural bar. Petitioner Guy knows of no remedies that would be available in state court 18 years later.

Guy's contention that no state remedies exist is incorrect. In Ex Parte Tuley, 109 S.W.3d 388 (Tex.Crim.App. 2002), the petitioner pleaded guilty to aggravated sexual assault, but some years later, the alleged victim recanted and other affidavits were offered tending to support this recantation and prove the petitioner's innocence. The Texas Court of Criminal Appeals held that the petitioner's actual innocence claim was cognizable in state habeas corpus despite his guilty plea and granted relief, holding that "we are convinced by clear and convincing evidence that no rational jury would convict the applicant in light of the new evidence."

Guy offers nothing to show that his actual innocence claim, supported by Stewart's affidavit, would not be cognizable in the courts of the State of Texas through a habeas corpus petition under Article 11.07 of the Texas Code of Criminal Procedure. *See* Ex Parte Brown, 205 S.W.3d 538, 544 (Tex.Crim.App. 2006) (noting that "we have held that claims of actual innocence based upon newly discovered evidence are cognizable on post-conviction writs of habeas corpus,") *citing* Ex Parte Elizondo, 947 S.W.2d 202, 205 (Tex.Crim.App. 1996). Nor has he shown that the other claims which he raises in his petition are not cognizable in state habeas corpus, or that the state habeas corpus remedy would be "plainly futile." *See* Graham v. Johnson, 94 F.3d 958, 969 (5th Cir. 1996), *citing* Duckworth v. Serrano, 454 U.S. 1, 3, 102 S.Ct. 18, 19 (1981).

Similarly, Guy has not shown cause for his failure to exhaust state remedies, nor has he shown that a fundamental miscarriage of justice would occur if his federal habeas petition is not considered without giving the state courts the first opportunity to consider the claims which he presents. Even though he was confined in Arkansas prior to his transfer back to Texas, he fails to show that he could not have contacted the state trial court or the Texas Court of Criminal Appeals to obtain the necessary forms with which to seek state habeas corpus relief. Guy has demonstrated no valid basis upon which to excuse or vitiate the requirement of exhaustion of state remedies.

The cases which Guy cites offer him no support. In Martinez v. Ryan, 132 S.Ct. 1309 (2012), the Supreme Court held that inadequate assistance of counsel at the state court initial review collateral proceedings could establish cause for a procedural default of an ineffective assistance of counsel claim relating to trial counsel. In this case, Guy has not conducted any collateral proceedings in the state courts, and the question of his entitlement to counsel at such proceedings is a matter for the state courts to determine.

In Maples v. Thomas, 132 S.Ct. 912 (2012), the petitioner's attorneys in post-conviction collateral proceedings abandoned him without notice, with the result that he failed to appeal the denial of post-conviction relief; this failure to appeal was later deemed a procedural default during federal habeas corpus proceedings. The Supreme Court held that the abandonment of the petitioner

by his attorneys amounted to adequate cause to excuse the procedural default, and remanded the case for a determination of prejudice. As with Martinez, this case does not speak to the present situation, in which Guy has not undertaken post-conviction collateral review at all, nor has he presented any of his claims to the highest court for the State of Texas.

The Supreme Court has held that when a petitioner fails to exhaust his state court remedies fully, the petition must be dismissed. Rose v. Lundy, 455 U.S. 509, 522 (1982); *accord* Graham v. Johnson, 168 F.3d 762, 778 (5th Cir. 1999). In this case, Guy indicates and the Respondent confirms that none of the issues which he raises in his federal petition have been presented in the state courts. There is no basis upon which to conclude that the state courts would refuse to consider his claims. It is accordingly

ORDERED that the Respondent's motion to dismiss as unexhausted (docket no. 14) is hereby GRANTED and that the Petitioner's application for the writ of habeas corpus is DISMISSED without prejudice for failure to exhaust state remedies. 28 U.S.C. §2254(b). It is further

ORDERED that the Petitioner Bennie Guy is hereby DENIED a certificate of appealability *sua sponte*. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). The denial of the certificate of appealability refers only to a dismissal of the present habeas petition and shall have no effect upon the Petitioner's right to present his claims to the courts of the State of Texas, nor upon his right to again seek relief in federal court in the event that he does not obtain the relief which he seeks in state court. Finally, it is hereby

ORDERED that any and all motions which may be pending in this cause, including but not limited to the Petitioner's motions for subpoenas and a writ of habeas corpus ad testificandum (docket no. 19) and motion for appointment of counsel (docket no. 20) are hereby DENIED.

So **ORDERED** and **SIGNED** this **10** day of **July, 2013.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE